BEFORE THE FIRST DIVISION, NOVEMBER 16, 1964

No. 68884.—Ungar Electric Tools, Inc., et al. *v.* United States, protests 60/10502(B), etc. (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiffs was sustained.

No. 68885.—Lansen-Naeve Corp. and Aristo-Craft Distinctive Miniatures *v.* United States, protest 62/14921(A) (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiffs was sustained.

No. 68886.—Aristo-Craft Distinctive Miniatures *v.* United States, protests 62/18358 and 62/18375 (San Francisco).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

No. 68887.—Polk's Model Craft Hobbies, Inc. *v.* United States, protests 63/1104 and 63/9659 (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

No. 68888.—Aristo-Craft Distinctive Miniatures *v.* United States, protest 63/19639 (Los Angeles).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

No. 68889.—Rolcor Products, Inc., et al. v. United States, protests 59/1469, etc. (New York).

Opinion by NICHOLS, J.   In accordance with stipulation of counsel that the merchandise consists of ink pastes and varnish similar in all material respects to those the subject of *Marset, Inc.*, and *W. J. Byrnes & Co. of N.Y., Inc.* v. *United States* (50 Cust. Ct. 127, C.D. 2400), the claim of the plaintiffs was sustained.   Merchandise entered on and after July 1, 1958, is properly subject to a copper tax at 1.275 cents per pound under section 4541(2), Internal Revenue Code of 1954, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108).

BEFORE THE THIRD DIVISION, NOVEMBER 16, 1964

No. 68890.—Caldwell Shipping Company v. United States, protest 60/31168 (Jacksonville (Tampa)).

DONLON, Judge:   This litigation has to do with duty which was assessed by the collector at Jacksonville, Fla., on repairs that had been made abroad to the American vessel "Wang Dispatcher."

The official papers were not offered in evidence, nor was any testimony taken on trial in Jacksonville.   The case was submitted upon a so-called "Petition for Remission," signed by Caldwell Shipping Company, the plaintiff herein, by its president, and by plaintiff's attorneys.   This "petition" is not a verified instrument, nor was it offered into evidence.   It is stamped "Received Port of Jacksonville Feb. 18, 1964, U.S. Customs Court, Edward J. Carey, Clerk, by M. J. Russo, Reporter."

The unsubstantiated facts recited in the "Petition for Remission," include the following:

North Atlantic Marine Co., Inc., was general agent and operator of the vessel "Wang Dispatcher," and in that capacity contacted plaintiff by telephone on April 10, 1959, engaging plaintiff's services in anticipation of the arrival of the vessel from Israel on April 12, 1959.   In normal course of business, plaintiff filed Form 3171, which involved its bond dated July 9, 1958, in the amount of $10,000.   On April 12, 1959, when Form 3171 was filed, plaintiff did not know what repairs, if any, had been made to the vessel outside the United States.   When the vessel sailed into Jacksonville, the master, J. A. Niin, reported in his affidavit that repairs had been made, but that he did not know the extent thereof or the place where the repairs had been made.   Attempts were made to obtain specific information from North Atlantic Marine Co., Inc., but these attempts were unsuccessful.